NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER WAYNE FILLMORE, | No. 17-56059 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04348-AB-SS |
| v. | |
| BLUMHOUSE PRODUCTIONS, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| CHRISTOPHER WAYNE FILLMORE, | No. 17-56360 |
| Plaintiff-Cross-Appellee, | D.C. No. 2:16-cv-04348-AB-SS |
| v. | |
| BLUMHOUSE PRODUCTIONS, LLC; et al., | |
| Defendants-Cross-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted June 5, 2019**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Christopher Wayne Fillmore appeals pro se the district court's dismissal for failure to state a claim of his copyright infringement action against Blumhouse Productions, LLC, and other defendants. Defendants cross-appeal the district court's denial of their motion for attorneys' fees under the Copyright Act. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal de novo, *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018), and we review the denial of fees for an abuse of discretion, *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 665 (9th Cir. 2018). We affirm.

The district court properly exercised its discretion in taking judicial notice of Fillmore's manuscript and defendants' film because these works formed the basis of Fillmore's claim, and he referred to them extensively in his first amended complaint. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (decision to incorporate documents by reference into complaint is reviewed for abuse of discretion); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (discussing doctrine of incorporation by reference). Contrary to Fillmore's assertions, the court did not dismiss his complaint because of inadequate pleading, but because he simply could not plead a plausible case for copyright infringement.

The district court correctly concluded that Fillmore failed sufficiently to allege defendants' access via widespread dissemination of his manuscript. *See*

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (standard for showing of access). The district court also correctly concluded that the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events of the manuscript and film were markedly different and that, under the extrinsic test, the protectable elements of the two works were not substantially similar. *See Skidmore v. Led Zeppelin*, 905 F.3d 1116, 1125 (9th Cir. 2018) (standard for substantial similarity); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-25 (9th Cir. 2010) (extrinsic test applicable at pleading stage objectively compares elements of works). Accordingly, the first amended complaint did not state a claim for copyright infringement. *See Skidmore*, 905 F.3d at 1125 (setting forth elements of copyright infringement claim). The district court properly exercised its discretion in dismissing the complaint with prejudice and without leave to amend because amendment would be futile. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1125 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1375 (2019).

The district court properly weighed the relevant factors and acted within its discretion in denying defendants' motion for attorneys' fees under 17 U.S.C. § 505. *See Shame on You Prods.*, 893 F.3d at 665; *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017).

**AFFIRMED.**

3