**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MOI, an individual, | No. 19-35852 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00853-RSL |
| v. | |
| CHIHULY STUDIO, INC., a Washington corporation; *et al*., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted February 10, 2021
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,[**] District Judge.

Michael Moi appeals a summary judgment in favor of Chihuly Studio, Inc.,

Dale Chihuly ("Chihuly"), and Leslie Chihuly (collectively, "the Chihuly

Defendants") on his claims under the Copyright Act, 17 U.S.C. § 101, *et seq*., the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Visual Artists Rights Act of 1990 ("VARA"), 17 U.S.C. § 106A, and Washington common law. Moi also challenges a protective order and the district court's award of attorney's fees under the Copyright Act, 17 U.S.C. § 505. We have jurisdiction under 28 U.S.C. § 1291 and review de novo a grant of summary judgment. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003). We review a district court's grant of a protective order and award of attorney's fees for abuse of discretion. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992); *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 665 (9th Cir. 2018). We affirm.

I.

The district court did not err in granting summary judgment on Moi's claim under the Copyright Act because no genuine issues of material fact exist as to whether Moi is a co-author of a "joint work" within the meaning of 17 U.S.C. § 101. For purposes of the Copyright Act, a "joint work" requires each of the following elements: "(1) a copyrightable work, (2) two or more 'authors,' and (3) the authors must intend their contributions to be merged into inseparable or interdependent parts of a unitary whole." *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000). Moi's failure to identify any particular copyrightable works to which he contributed strongly undermines his claim of co-authorship. *See Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008). Even if Moi could identify such contributions, he presented no evidence to establish that he qualifies as a co-

2

author. *See Aalmuhammed*, 202 F.3d at 1232 (holding that even if an individual substantially contributes to a work, they still must be an "author" within the meaning of 17 U.S.C. § 101 to obtain co-ownership rights).

The following factors are considered in determining whether two or more individuals qualify as co-authors: (1) control, (2) objective manifestations of shared intent, and (3) audience appeal. *Id*. at 1234. Moi failed to meet two out of the three *Aalmuhammed* factors. As for control, Chihuly controlled everything from the artistic design to the decision of whether the finished paintings would be signed, marketed, and sold or merely discarded. Moi has, at most, established that "subject to [Chihuly's] authority to accept them, he made very valuable contributions to the [paintings]" which is "not enough for co-authorship of a joint work." *Id*. at 1235.

There is also no evidence that Chihuly and Moi objectively manifested a shared intent to be co-authors. In fact, Moi acknowledges that Chihuly represented to the public that he was the sole creator. Moi asserts that Chihuly promised to take care of him, which does not rise to the level of expressing intent to recognize Moi as a co-author. Even viewing the facts in the light most favorable to Moi, his lack of control coupled with Chihuly's express intent to remain a sole author preclude a finding of co-authorship. Therefore, the district court properly granted summary

3

judgment on Moi's Copyright Act claim.[1]

## II.

The district court did not err in granting summary judgment on Moi's common law promissory estoppel claim because Moi failed to establish the existence of a legally enforceable promise. To warrant estoppel under Washington law, a promise must be "clear and definite." *Wash. Educ. Ass'n v. Wash. Dep't of Ret. Sys.*, 332 P.3d 428, 435 (Wash. 2014). The only agreement alleged here is a promise by Chihuly to "take care of" Moi in the future. Moi concedes that he and Chihuly never discussed the amount or the terms of compensation. A statement of future intent to "take care of" someone, where no formal commitment is made and the terms are not discussed, does not constitute a legally enforceable promise. *See Havens v. C & D Plastics, Inc.*, 876 P.2d 435, 442–44 (Wash. 1994) (en banc); *Elliott Bay Seafoods, Inc. v. Port of Seattle*, 98 P.3d 491, 495 (Wash. Ct. App. 2004). Therefore, the district court properly granted summary judgment on Moi's promissory estoppel claim.

## III.

The district court did not abuse its discretion in entering a protective order precluding disclosure of confidential settlement agreements. It is well-established that the scope of discovery is within the discretion of the district court. *United States*

---

[1] Moi's claims under VARA, 17 U.S.C. § 106A, are derivative of his Copyright Act claims. Therefore, we also affirm the dismissal of those claims.

4

*v. Domina*, 784 F.2d 1361, 1372 (9th Cir. 1986). This includes the district court's ability "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Rule 26 authorizes the district court to "forbid[] the disclosure or discovery" of matters or "limit[] the scope of disclosure or discovery to certain matters…." Fed. R. Civ. P. 26(c)(1)(A) & (D). Additionally, Rule 26 expressly limits discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1) (emphasis added). However, "[i]nformation…need not be admissible in evidence to be discoverable." *Id*.

The district court found the agreements to be irrelevant to any party's claim or defense. Moi argues on appeal that the settlement agreements are relevant to explore the bias or prejudice of certain witnesses. However, because Moi failed to raise this argument before the district court, we decline to consider it. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal."). We therefore decline to disturb the protective order. Regardless, Moi has not shown error in the district court's relevancy determination.

IV.

The district court did not abuse its discretion in awarding $1,646,659.68 in attorney's fees to the Chihuly Defendants. The Copyright Act gives district courts

5

discretion to award reasonable attorney's fees and costs to the prevailing party. 17 U.S.C. § 505. District courts consider the following factors: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love v. Assoc'd Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010). These factors "are not exclusive and need not all be met." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996).

The district court properly considered the aforementioned factors and found that they weighed strongly in favor of an award of fees. Specifically, it considered Chihuly's complete success on the merits, the "paucity of supporting evidence" for Moi's claims, Moi's bad faith in the conduct of litigation, and the need for deterrence of baseless copyright claims. The court also considered the parties' respective financial positions. Although the award is substantial, it was not "based on an inaccurate view of the law or a clearly erroneous finding of fact." *Schwarz v. Secretary of Health & Human Serv.,* 73 F.3d 895, 900 (9th Cir. 1995). And, because Moi failed to challenge the reasonableness of either the hourly rates or the hours billed before the district court, he has again waived any such argument on appeal. *See Smith*, 194 F.3d at 1052.

**AFFIRMED.**

6