**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHANNSONGS-PUBLISHING, LTD., | No. 20-55552 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-10009-AB-SS |
| v. | |
| ROLF LOVLAND; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| JOHANNSONGS-PUBLISHING, LTD., | No. 20-55759 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-10009-AB-SS |
| v. | |
| PEERMUSIC LTD., | |
| Defendant-Appellant, | |
| UMG RECORDINGS, INC., | |
| Defendant-Appellant, | |
| WARNER RECORDS INC., incorrectly sued as Warner Music Group, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant,

POLYGRAM PUBLISHING, INC., successor to Universal-Polygram International Publishing, Inc. and incorrectly sued as Universal Music Publishing Group,

Defendant-Appellant,

and

ROLF LOVLAND,

Defendant,

BRENDAN GRAHAM; APPLE INC.,

Defendants,

DOES, 1-20,

Defendant,

SPOTIFY TECHNOLOGY S.A.,

Defendant.

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Before:  BYBEE and BENNETT, Circuit Judges, and BATAILLON,** District Judge.

Johannsongs-Publishing, Ltd. holds the copyright to the musical composition of the 1977 Icelandic song *Söknuður*.  It alleges that *You Raise Me Up*, a song composed by Rolf Løvland in 2001 and popularized by Josh Groban in 2003, infringes on its copyright.  The district court granted Defendants' motion for summary judgment and denied Defendants' motion for attorney's fees under 17 U.S.C. § 505.  The parties cross-appealed.  We affirm.

1.      Johannsongs argues that the panel should depart from the Ninth Circuit's two-part extrinsic/intrinsic test for substantial similarity and instead apply the Second Circuit's "ordinary observer" test.  *Compare Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020), *cert. denied,* 141 S. Ct. 2856 (2021), *with Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 53 (2d Cir. 2021).  The panel has no occasion to consider such an argument because the two-part extrinsic/intrinsic test is circuit precedent and the panel may only depart from such precedent "if a subsequent Supreme Court opinion 'undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'"  *In re Nichols*, 10 F.4th 956, 961 (9th Cir. 2021) (alteration

---

**       The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

3

in original) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).  No such opinion exists here.

2.     The district court granted summary judgment after refusing to admit the reports of Johannsongs' expert, Judith Finell, and admitting the reports of Defendants' expert, Dr. Lawrence Ferrara.  The district court concluded that Ferrara's analysis was "effectively, unrebutted" and held that *Söknuður* and *You Raise Me Up* are not substantially similar.  We hold that the district court did not abuse its discretion in excluding Finell's expert reports because they failed to filter out similarities that are attributable to prior art, as required under the extrinsic test.  *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174–80 (9th Cir. 2003), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc).  Furthermore, the district court did not abuse its discretion in admitting Ferrara's reports because the court's findings—that Ferrara applied reliable principles and methods, he appropriately filtered out prior art, and his conclusions are well supported by evidence—are supported by the record.  *Cf. Swirsky v. Carey*, 376 F.3d 841, 846–47 (9th Cir. 2004).

Considering *de novo* the evidence before the district court, we hold that the district court did not err in granting summary judgment.  Johannsongs failed to offer admissible evidence to rebut Ferrara's analysis, so there is no genuine dispute

4

of material fact as to his conclusions that *Söknuður* and *You Raise Me Up* are not substantially similar and most of their similarities are attributable to prior art. Based on these conclusions, Johannsongs has failed to satisfy the extrinsic test and Defendants are entitled to judgment as a matter of law. *See Newton v. Diamond*, 388 F.3d 1189, 1196 (9th Cir. 2004).

3.  We also hold that the district court's findings that Johannsongs' claim was not frivolous nor objectively unreasonable are supported by the record. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir. 2003); *cf. Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). Accordingly, the district court did not abuse its discretion in denying attorney's fees to Defendants. 17 U.S.C. § 505.

**AFFIRMED.** Each side to bear its own costs.