NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PROMEDEV, LLC,

          Plaintiff-ctr-defendant -
Appellee,

  v.

IMAGIPIX CORPORATION, ROBY
WILSON,

          Defendants,

MAXXIMEDIA ADVERTISING CO,

          Defendant-ctr-claimant -
Appellant.

No. 24-4096

D.C. No.
2:22-cv-01063-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted July 7, 2025
Seattle, Washington

Before: HAWKINS, BEA, and BENNETT, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

MaXXiMedia Advertising ("MaXXiMedia") appeals the district court judgment in favor of Promedev, LLC ("Promedev") with respect to several claims arising out of a contract dispute from a 2020 agreement (the "Agreement") in which MaXXiMedia agreed to provide various services for Promedev, including purchasing and placing advertisements on television. MaXXiMedia appeals the grant of summary judgment with respect to its breach of contract claim and its claim for copyright infringement, as well as the district court's award of attorneys' fees to Promedev for defending MaXXiMedia's copyright infringement claim. We review the grant of summary judgment de novo, *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 907 (9th Cir. 2001), and the award of attorneys' fees for an abuse of discretion, *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 665 (9th Cir. 2018). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Because the parties are familiar with the facts, we recount them only as relevant to our decision.

The primary dispute concerns what is included in the Agreement's definition of "Services," and whether Promedev was obligated to pay an additional $1.38 million for "creative services" billed to Promedev after announcing its intention to terminate the Agreement (the "Creative Services Invoice"). The Agreement is governed by Washington law, under which we focus on the "objective manifestation" of the contract, giving the words used "their ordinary, usual, and

2                                                                 24-4096

popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Hearst Comms., Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005).

The Agreement set forth a percentage commission pay structure to cover MaXXiMedia's "Services," which principally involved purchasing and placing television advertisements, but were also defined in Section 1 to include "research, market planning, public relations, web, digital, design and creative services." MaXXiMedia claimed the Creative Services Invoice fell under a different provision in the Agreement which contemplated that "Client will be charged for additional products and/or services as ordered by the Client . . . at the Agency's current rates for such additional products and/or services." This provision, however, only applies to services "which are not part of the Services covered by the terms of this Agreement," and because creative services were already listed within the paragraph defining the term "Services," this fee was already included in the percentage commission fee structure.

Assuming, without deciding, that the language of the Agreement was somehow unclear, extrinsic evidence such as the parties' course of conduct also supports this interpretation of the Agreement. *See Hearst Comms.*, 115 P.3d at 266–67. Prior to the execution of the Agreement, MaXXiMedia periodically invoiced Promedev $300 per advertisement for creative services such as editing, but during the two years when the Agreement was in place, MaXXiMedia did not bill Promedev

separately for any creative services until after Promedev gave notice of termination on July 1, 2022. We, therefore, affirm the district court's conclusion that Promedev did not breach the Agreement by refusing to pay the Creative Services Invoice, as this was already included within the Services that MaXXiMedia had agreed to provide in exchange for the percentage commission fees.

The district court also did not err in granting summary judgment to Promedev on MaXXiMedia's copyright infringement claim. A copyright infringement claim consists of two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Although MaXXiMedia claims Promedev infringed its copyrights by airing the advertisements between July 1 and August 28, 2022, the Agreement was still in effect during this time period. MaXXiMedia was the party who placed these advertisements for Promedev, and "allowed" them to "continue to air" after receiving Promedev's notice of termination. There was thus no unauthorized use or copying by Promedev during this time period. *See Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1151 (9th Cir. 1986) (a valid infringement claim requires "copying by the defendant") (quoting 3 M. Nimmer, *Nimmer on Copyright* § 13.01 (1985)).[1]

---

[1] To the extent MaXXiMedia argues Promedev violated contractual intellectual property rights, this is simply a restatement of its argument that the Agreement required an additional payment for creative services. As noted above, Promedev had

Nor did the district court abuse its discretion by awarding attorneys' fees to Promedev under 17 U.S.C. § 505.  MaXXiMedia offers no meaningful argument that the court erred in its consideration of the relevant factors, *Shame on You Prods.*, 893 F.3d at 666, or in its calculation of the amount of the reasonable fee.

**AFFIRMED.**

---

paid MaXXiMedia in full under the Agreement, and upon doing so obtained "full rights and ownership of any 'creative product.'"