**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DOC'S DREAM, LLC,
*Plaintiff-Appellee*,

v.

DOLORES PRESS, INC. AND MELISSA
SCOTT,
*Defendants-Appellants.*

No. 18-56073

D.C. No.
2:15-CV-02857-
R-PLA

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 6, 2020[*]
Pasadena, California

Filed May 13, 2020

---

[*] The court is of the unanimous opinion that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Accordingly, this case was submitted on the briefs and record, without oral argument, on Wednesday, May 6, 2020. Fed. R. App. P. 34(a)(2).

Before:  Consuelo M. Callahan and John B. Owens, Circuit Judges, and Edward R. Korman,\*\* District Judge.

Opinion by Judge Callahan

---

**SUMMARY**\*\*\*

---

### Copyright / Attorney's Fees

The panel vacated the district court's order denying defendant's motion for recovery of attorney's fees under the Copyright Act and remanded.

The district court granted summary judgment in favor of defendant on a complaint seeking a declaration that the works at issue were abandoned to the public domain.  The district court denied defendant's motion for attorney's fees, holding that fees were not available under 17 U.S.C. § 505 because the determination of copyright abandonment did not require construction of the Copyright Act.

Vacating the district court's order, the panel held that, even when asserted as a claim for declaratory relief, any action that turns on the existence of a valid copyright and whether that copyright has been infringed invokes the Copyright Act, thus giving the district court discretion to award reasonable attorney's fees pursuant to § 505.

---

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\* This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Benjamin G. Schatz, Manatt Phelps & Phillips LLP, Los Angeles, California; Kevin J. Leichter and Andrew E. Hewitt, The Leichter Firm APC, Los Angeles, California; Mark S. Lee, Rimon PC, Los Angeles, California; for Defendants-Appellants.

Carlos A. Leyva and Linda S. McAleer, Digital Business Law Group PA, Palm Harbor, Florida, for Plaintiff-Appellee.

**OPINION**

CALLAHAN, Circuit Judge:

Since 2014, two camps have battled over the ownership rights and usage of video-recorded sermons created by the late religious leader Dr. Eugene Scott. One camp—copyright claimants Dolores Press, Inc. and Melissa Scott (collectively, Dolores)—alleges that the other camp—Patrick Robinson, Truth Seekers, Inc., Doc's Dream, LLC, and Bobbi Jones (collectively, Doc's Dream)—infringed copyrighted broadcasts via the Internet. Amid the litany of claims, counterclaims, and motions, the district court granted summary judgment in favor of Dolores on Doc's Dream's complaint seeking a declaration that Dr. Scott completely abandoned his works to the public domain. Doc's Dream appealed and we affirmed. *Doc's Dream, LLC v. Dolores Press*, *Inc*., 766 F. App'x 467 (9th Cir. 2019).

Dolores then moved for recovery of attorney's fees under the Copyright Act, which allows the court to award "a reasonable attorney's fee" to the prevailing party "[i]n any

civil action under this title."  17 U.S.C. § 505.  The district court denied Dolores' motion, holding that attorney's fees were not available under § 505 because the determination of copyright abandonment in this case did not require "construction" of the Copyright Act.

Dolores timely appealed the district court's denial of attorney's fees, and we have jurisdiction under 28 U.S.C. § 1291.  We hold that, even when asserted as a claim for declaratory relief, any action that turns on the existence of a valid copyright and whether that copyright has been infringed invokes the Copyright Act, and thus attorney's fees may be available pursuant to § 505.

## I.

The underlying facts are undisputed.  Dr. Eugene Scott worked as an ordained minister for nearly half a century, the last 35 years as the pastor of the Wescott Christian Center and Faith Center in Glendale, California.  In 1983, he launched the first 24-hour-a-day religious television network, reaching audiences throughout North America.  In 1995, he licensed Dolores Press, Inc. to distribute his works to the public, with profits going to his church.  During this time, Dr. Scott made his works available for online viewing through websites bearing his name.  When Dr. Scott died in 2005, he bequeathed all his copyrights to his widow, Pastor Melissa Scott.  Ms. Scott continued the license agreement with Dolores Press, Inc.

In 2014, Patrick Robinson, a Georgia minister and sole owner of Doc's Dream, requested permission to share Dr. Scott's works with his students online.  When Ms. Scott refused his request, Robinson launched a website sharing Dr. Scott's works in order "to stick it to the devil" and "get

the ball rolling in this legal battle." Robinson succeeded in the latter.

Initially, the parties filed four actions. In three of the lawsuits, Dolores alleged copyright infringement by Doc's Dream. *Doc's Dream*, 766 F. App'x at 469. In the fourth, Doc's Dream claimed that Dr. Scott had abandoned rights to his works before his death. *Id*. The district court dismissed Dolores' three suits and granted summary judgment in favor of Dolores as to the fourth. *Id*. at 469–70. On appeal, we reversed all three dismissals and affirmed the summary judgment. *Id*. at 470.

As the prevailing party in the summary judgment ruling, Dolores sought recovery of attorney's fees under the fee-shifting provision within the Copyright Act. *See* 17 U.S.C. § 505. Dolores argued that it was eligible for attorney's fees because Doc's Dream's claim for declaratory relief was: (1) unreasonable given its slim chance of success; (2) brought in bad faith because of Doc's Dream's underhanded tactics; and (3) worthy of deterrence as a meritless claim that forced Dolores to incur defensive legal costs. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). Dolores also asserted that its request for $307,689.93 in attorney's fees was "reasonable." 17 U.S.C. § 505.

The district court held that attorney's fees were not available pursuant to § 505. It reasoned that generally "each party bears its own litigation expenses absent a statute, rule, or other ground entitling the moving party to recover expenses." The Copyright Act is one such statute, but its application is not automatic. Noting that the Ninth Circuit had not explicitly held that attorney's fees are available under the Copyright Act in declaratory relief actions, the district court turned to a leading treatise on copyright law.

*See* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* (Nimmer).  In particular, the district court asserted "that courts generally award attorneys' fees under the Copyright Act in declaratory relief actions so long as the action requires *construction* of the Copyright Act."  Nimmer §14.10[B][1][b].

The district court read Nimmer to indicate that if a declaratory relief action is only superficially related to copyright, it "does not arise under the Copyright Act," and "fees could not be awarded under the Copyright Act." Addressing the primary issue—whether Dr. Scott had abandoned his works—the district court explained that "[c]opyright abandonment is a judicially-created doctrine based in principles of equity; it is *not* based on any provision of the Copyright Act."  It noted that when Congress enacted the Copyright Act, 25 years after the creation of the copyright abandonment doctrine, it could have included the doctrine in the Act—but it did not.

The district court further asserted that copyright abandonment, like abandonment in other property contexts, requires certain elements not enumerated within the Copyright Act.  Here, the critical elements were whether Dr. Scott displayed "intent to abandon ownership and some overt act manifesting this intent."  The district court concluded that determining whether these elements were met did not require it to construe the Copyright Act.[1]

---

[1] The district court reasoned:

> [C]opyright abandonment presumes that the creator initially enjoyed an intellectual property interest in his works.  A court's only task is to determine whether the creator subsequently manifested his intent to abandon

## II.

"We review the district court's decision to award attorney's fees under the Copyright Act for an abuse of discretion." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) (citing *Maljack Prods. v. GoodTimes Homes Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996)).  However, "'any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo*.'"  *Id*. (quoting *Hall v. Bolger*, 768 F.2d 1148, 1150 (9th Cir. 1985)).

## III.

This appeal raises an issue of first impression in the Ninth Circuit: whether Doc's Dream's underlying action seeking declaratory relief sufficiently invokes the Copyright Act as to allow for an award of attorney's fees under 17 U.S.C. § 505.  That statute provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court

---

this interest.  Such a task does not require—and in this case did not require—the court to construe the Copyright Act.  *See, e.g.*, *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1114 (9th Cir. 1998) (analyzing copyright abandonment without construing Copyright Act). . . .  Accordingly, the Copyright Act cannot provide a basis for costs or fees in this action.

> may also award a reasonable attorney's fee to
> the prevailing party as part of the costs.

17 U.S.C. § 505.

The district court's denial of attorney's fees appears to be based on two leaps of logic.  Neither is persuasive.  First, it held that in order to be a civil action under the Copyright Act, a declaratory judgment must require "construction" of the Copyright Act.  Second, the district court reasoned that because copyright abandonment is a judicially created doctrine based in principles of equity and not on any provision of the Copyright Act, a declaratory relief action based on abandonment does not invoke the Copyright Act.

## A.

Although § 505 allows for the discretionary award of attorney's fees in "any civil action under this title," the district court focused on Nimmer's use of the word "construction" to limit application of the Copyright Act.  When read in context, Nimmer does not support this limitation.

Nimmer states that § 505 "prevents copyright infringements from going unchallenged" and "serves to penalize the losing party as well as to compensate the prevailing party."  Nimmer, *supra*, §14.10[A].  It then notes that "[c]lassically, when *A* sues *B* for copyright infringement, the prevailing party is eligible to recover its attorney's fees.  Accordingly, either *A* or *B* may become the beneficiary of [§ 505], within the court's discretion."  *Id*. §14.10[B][1][a].

The district court cited Nimmer's discussion of declaratory relief in §14.10[B][1][b] to support its

conclusion that attorney's fees were not available because Doc's Dream's action did not require construction of the Copyright Act. A careful reading of the subsection is to the contrary:

> [I]magine that *C* sues *D* for a declaration regarding copyright—for instance, that *D* performed her services on a for-hire basis, meaning that she has no interest in the copyright. In reply, *D* counterclaims for a declaration that she worked outside of employment, and accordingly owns the copyright in the subject work, either outright or as an equal co-owner with *C*. In that instance, jurisdiction in federal court arises under the Declaratory Relief Act as well as being premised on the need to construe the provisions of the Copyright Act. So, the Copyright Act allows courts, in their discretion, to grant attorney's fees to the prevailing party under those circumstances.

> The same considerations would appear to control any time the action at hand requires construction of the Copyright Act—such as a case in which *E* sues *F* for a declaration that the work in question falls outside the scope of copyright protection or that the exploitation at hand falls outside the rights accorded to the copyright owner. But, at the limit, one could imagine a case requiring no construction of the Copyright Act—for instance, one in which *G* sues *H* for a half share of royalties due from exploitation of their shared work. In that instance, the case does not appear to

arise under Title 17 of the United States Code, and fees therefore may not be awarded under the Copyright Act.

*Id*. §14.10[B][1][b].[2]

Among Nimmer's explanatory hypotheticals, the one involving *E* and *F* is nearly identical to this case. Doc's Dream sued Dolores alleging that Dr. Scott had abandoned his works, seeking "a declaration that the work[s] in question fall[] outside the scope of copyright protection." *Id*. Following Nimmer's *E/F* example, this requires consideration of the Copyright Act.

Without discussing any of Nimmer's hypotheticals, the district court implicitly concluded that Nimmer's *G/H* example—the only hypothetical Nimmer places beyond the limit of the Copyright Act—applies here. But that hypothetical involves a contract dispute over royalties due under an accepted copyright, not a dispute over copyright ownership. Nimmer notes that such "[a]ccountings between joint copyright owners are handled strictly under state law." *Id*. at n.18. Doc's Dream and Dolores contest, at a minimum, whether Dr. Scott abandoned his copyrights. Thus, the scope of the copyrights and their possible abandonment are very much at issue.

This is the critical distinction between Nimmer's first three examples—*A/B*, *C/D*, and *E/F*—in which the parties dispute copyright ownership or usage, and the fourth, *G/H*,

---

[2] Nimmer's discussion on declaratory relief contains no citation to any court decision. Indeed, it recognizes that the contours of "any civil action under this title" have not been delineated. Nimmer, *supra*, §14.10[B][1].

where they do not. Only in the fourth hypothetical is there no "construction" of the Copyright Act. We read § 505, as does Nimmer, to allow the discretionary award of attorney's fees in any action where the scope of the copyright is at issue.

## B.

We also reject the district court's assertion that the genesis of copyright abandonment provides an alternate ground for denying attorney's fees. The district court noted that Judge Learned Hand created the doctrine of copyright abandonment in *Nat'l Comics Publ'ns v. Fawcett Publ'ns*, 191 F.2d 594, 598 (2d Cir. 1951) (stating that abandonment requires "some overt act which manifests [the copyright holder's] purpose to surrender his rights in the 'work,' and to allow the public to copy it"). We adopted this standard in *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960). The district court deduced that because this doctrine predates the Copyright Act by 25 years and abandonment is not unique to copyright law, the doctrine of copyright abandonment exists outside the Copyright Act.

But the judicial origin of the copyright abandonment doctrine does not mean that an action alleging abandonment does not invoke the Copyright Act. The district court's grant of summary judgment shows that Doc's Dream's complaint raised at least three aspects of the Copyright Act. First, the district court reasoned that Dr. Scott's "attribution requirement is incompatible with copyright abandonment." Copyright attribution is governed by 17 U.S.C. § 106A. Second, the district court stated that Dr. Scott's free distribution of his works online "is more consistent with a license for use" than a relinquishment of his exclusive rights. The transfer of copyright ownership, including licensing, is defined within §§ 101 and 204. Third, the district court explained that because Dr. Scott affixed copyright notices to

his works, he did not intend to abandon them. The legal effect of copyright notices is controlled by § 401. In sum, the district court's summary judgment order required consideration of the Copyright Act.

Certainly, the elements required for copyright abandonment—overt acts and intent—parallel other forms of property abandonment. *See United States v. Crawford*, 239 F.3d 1086, 1093 (9th Cir. 2001) (physical artwork); *United States v. Orr Water Ditch Co.*, 256 F.3d 935, 945 (9th Cir. 2001) (water rights); *Pac. Gas & Elec. Co. v. Zuckerman*, 234 Cal. Rptr. 630, 650 (Ct. App. 1987) (underground gas rights). But it is difficult—if not impossible—to properly evaluate an intellectual property creator's alleged abandonment without invoking the Copyright Act. The district court asserts that we did so in *Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998). To the contrary, *Micro Star*'s finding of partial abandonment includes an analysis of whether Formgen had granted either an exclusive or non-exclusive license, requiring reference to § 204(a). *Id.* at 1113–14. *Micro Star* did not deny that it was construing the Copyright Act and it did not mention attorney's fees.

In sum, we think that a declaratory relief action alleging abandonment of a copyright invokes sufficient "construction" of the Copyright Act to allow for the discretionary award of attorney's fees pursuant to 17 U.S.C. § 505.

## C.

In a final effort to defend the district court's ruling, Doc's Dream asserts that "this is not an action that was brought under the Copyright Act but rather one that was brought under the Declaratory Judgment Act ('DJA')." This

assertion fails as it is based on a misunderstanding of the scope of the DJA and the interplay required between it and federal questions of law.

The DJA and Copyright Act work in tandem. In certain circumstances, "jurisdiction in federal court arises under the Declaratory Relief Act as well as being premised on the need to construe the provisions of the Copyright Act." Nimmer, *supra*, §14.10[B][1][b]. The DJA alone does not create federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("[T]he kinds of issues which give right of entrance to federal courts . . . was not altered by the Declaratory Judgment Act."). It is unclear how, absent the Copyright Act, Doc's Dream would have asserted federal court jurisdiction.

In any event, Doc's Dream's complaint specifically invoked the Copyright Act. "[A]n action arises under the federal copyright laws if . . . the complaint is for a remedy expressly granted by the Act, . . . or asserts a claim requiring construction of the Act." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993) (citations and internal quotations omitted). Doc's Dream's complaint "seeks a declaration from this Court concerning the Copyright Act," and alleges jurisdiction under both 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright). Indeed, in addition to alleging Dr. Scott's copyright abandonment, the complaint requested reasonable attorney's fees under 17 U.S.C. § 505.

## D.

Under § 505, an award of attorney's fees to a prevailing party is not automatic and instead lies within the discretion of the court. *See Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 665–66 (9th Cir. 2018). Section 505 gives "broad leeway" to the district courts, but the Supreme Court

has "established several principles and criteria to guide their decisions." *Kirtsaeng*, 136 S. Ct. at 1985 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994)). Here, the district court's erroneous determination that copyright abandonment exists beyond the purview of the Copyright Act precluded such an evaluation.

## IV.

The fee-shifting provision of § 505 applies to "any civil action under" the Copyright Act. We hold that any action that turns on the existence of a valid copyright and whether that copyright has been infringed sufficiently invokes the Copyright Act as to allow for the discretionary award of attorney's fees. This ruling encompasses claims of copyright abandonment, even when asserted in a claim for declaratory relief. Accordingly, Doc's Dream's claim arises under the Copyright Act, giving the court discretion to award reasonable attorney's fees to Dolores.

Because the district court's denial of attorney's fees was based on an erroneous view of the law, we vacate and remand for the district court to consider whether an award of attorney's fees is appropriate under the guiding factors. *See, e.g.*, *Fogerty*, 510 U.S. at 534 n.19; *Shame On You Prods.*, 893 F.3d at 665–66.

Costs on appeal are to be taxed against Doc's Dream. *See* Fed. R. App. P. 39.

**VACATED and REMANDED.**