NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOLORES PRESS, INC., a California corporation; MELISSA SCOTT, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MICHAEL EVANS; et al., <br><br> Defendants-Appellees. | No.   21-55480 <br><br> D.C. Nos. <br> 2:15-cv-02562-PA-PLA <br> 2:15-cv-02857-PA-PLA <br> 2:16-cv-01275-PA-PLA <br> 5:16-cv-00333-PA-PLA <br> 5:18-cv-02219-PA-PLA <br> 2:18-cv-09077-PA-PLA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 12, 2022[**]
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Pursuant to our suggestion in a prior disposition,[1] the district court sought to corral the multiple actions that had arisen out of efforts by some of Dr. Scott's followers to republish Dr. Scott's sermons after his death. The district court consolidated a number of cases and directed the filing of amended complaints. Plaintiffs Dolores Press, Inc. and Melissa Scott filed some amended complaints but did not file an amended complaint against two defendants, Michael Evans and Tina Pereida. The district court then dismissed the actions as to Evans and Pereida. Plaintiffs eventually objected, but the district court denied their motion for clarification or reconsideration. Challenging only the dismissal of Evans and Pereida, Plaintiffs timely appeal from the entry of a final amended judgment. We have jurisdiction and affirm.

Our review of the record shows that the district court did not abuse its discretion in declining to vacate its order dismissing Evans and Pereida. The denial of a motion for reconsideration is reviewed for abuse of discretion. *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020). We stated that a "Rule 59(e) motion 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

---

[1] *Doc's Dream, LLC v. Dolores Press, Inc.*, 766 F. App'x 467, 473-74 (9th Cir. 2019); *see also Doc's Dream LLC v. Dolores Press, Inc.*, 959 F.3d 357 (9th Cir. 2020).

2

877, 890 (9th Cir. 2000)).

Here, the district court dismissed Evans and Pereida in January 2020. Plaintiffs did not immediately challenge that order. Plaintiffs admitted in the February 27, 2020 joint report on counsel's early meeting that Evans and Pereida had been dismissed by the court. The parties proceeded to prepare for trial which was scheduled for October 2020. In September 2020, defendant Bobbi Jones, whom Plaintiffs alleged was the principal architect in the scheme to infringe the copyrighted works of Dr. Scott, withdrew her answer and her default was entered on October 1, 2020. On December 28, 2020, the district court issued a minute order noting that "all the defendants in this case have now either been dismissed or had their default entered against them."

Only at that point, on January 11, 2021, did Plaintiffs file their motion for reconsideration. They argued that the district court's August 13, 2019 order consolidating six cases and requiring that Plaintiffs file amended complaints did not apply to the complaints against Evans and Pereida, because they had filed answers. However, even if true, this does not excuse Plaintiffs' failure to challenge the district court's January 2020 dismissal of Evans and Pereida or explain their failure to seek relief until after other defendants had had their defaults entered. The district court did not abuse its discretion in denying the January 2021 motion to reconsider.

3

Even if the denial of the motion were considered a sanction, as Plaintiffs argue, the five factors set forth in *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), would not compel a grant of relief. The public's interest in expeditious resolution favors resolving these cases that have dragged on since 2014-2015, the district court's need to manage its docket favors the enforcement of its orders, and Evans and Pereida would be prejudiced if they were reinserted into the litigation. Furthermore, it is questionable whether the public policy favoring dispositions on the merits applies where, as here, the claims between the principals have been settled, and there do not appear to have been any less drastic sanctions practically available.

The district court's dismissal of Evans and Pereida is **AFFIRMED**.